# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD HOFFMAN,<br><br>                Plaintiff,<br><br>v.<br><br>KEVIN GIBSON,<br><br>                Defendant. | Case No.: 3:17-cv-00618-H-BLM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 6] |

On March 28, 2017, Plaintiff Todd Hoffman ("Plaintiff") filed a complaint against Defendant Kevin Gibson ("Defendant") pursuant to 42 U.S.C. § 1983, alleging Defendant violated his constitutional rights under the Fourth Amendment on account of an unreasonable seizure. (Doc. No. 1.) On June 26, 2017, Defendant filed a motion to dismiss Defendant's complaint, pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 6.) On July 31, 2017, Plaintiff filed a response in opposition to the motion to dismiss. (Doc. No. 9.) Defendant filed a reply on August 7, 2017. (Doc. No. 10.)

## BACKGROUND

At the motion to dismiss stage, the Court accepts as true all facts alleged and draws all reasonable inferences in favor of the claimant. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). The Court may also "take judicial notice of matters of public record," including documents filed in other court

proceedings, as long as they are not "subject to reasonable dispute." Intri-Plex Tech.. Inc. v. Crest Grp., Inc., 499 F.3d 1048, 1052 (9th Cir. 2007). The following facts are taken from Plaintiff's Complaint, (Doc. No. 1), as well undisputed matters of public record.

On February 19, 2015, Plaintiff was riding his motorcycle to work. (Doc. No. 1 ¶ 9.) During the ride, Plaintiff was cut off by a motorist driving a Toyota 4 Runner (the "Motorist"). (Id.) After Plaintiff attempted to warn the Motorist to be more careful, the Motorist drove her car into Plaintiff's motorcycle and drove off. (Id. ¶¶ 9-10.) Plaintiff pursued the Motorist with the intent of effectuating a citizen's arrest. (Id. ¶ 10.) Plaintiff followed the Motorist until she stopped at a 7-Eleven where he proceeded to restrain the Motorist and ask someone to call the police. (Id. ¶ 11-12.)

When the police arrived at the 7-Eleven, they inspected the vehicles, reviewed video from Plaintiff's helmet camera, and ultimately arrested the Motorist. (Id. ¶ 13.) Following the arrest, Defendant, a detective, assumed responsibility for the investigation. (Id. ¶14.) Defendant released the Motorist from custody and arrested Plaintiff on charges of felony false imprisonment and misdemeanor battery. (Id.) Plaintiff pled not guilty to the two charges and, when the case went to trial, the jury hung. (Id. ¶ 15.) After a mistrial was declared, Plaintiff pled guilty to the charges pursuant to an agreement that "upon completion of 24 hours of [community service] and 8 hours of anger managed, [Plaintiff] can withdraw his plea and the case will be dismissed. (Doc. No. 6-4 at 2, People v. Todd Hoffman, SCS283170, Plea of Guilty/No Contest – Misdemeanor.) Plaintiff complied with the agreement and his case was dismissed. (Doc. No. 1 ¶ 15; Doc. No. 6-5 at 2.)

///
///
///
///
///

# DISCUSSION

## I. MOTION TO DISMISS STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the claimant has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). A complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the claimant. See Retail Prop. Trust, 768 F.3d at 945. A court may consider documents incorporated into the complaint by reference, as well as items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

## II. ANALYSIS

Defendant argues that Plaintiff's claims must be dismissed on account of the underlying criminal case and Plaintiff's plea agreement. (See Doc. No. 6.) First, Defendant argues that Plaintiff's claim must fail because collateral estoppel prevents him from now arguing that there was no probable cause to arrest him. (Id. at 5-8.) Second,

Defendant argues that any § 1983 relief is barred under Heck v. Humphrey, 512 U.S. 477 (1994).

Following Plaintiff's arrest, a California Superior Court held a preliminary hearing and found there was probable cause for the charges against Plaintiff. (Doc. No. 6-3, Preliminary Hearing Transc.) "[W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443 (1970). "State law governs the application of collateral estoppel or issue preclusion to a state court judgment in a federal civil rights action." Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990). In California, collateral estoppel will apply where (1) the issue is identical to that decided in a prior proceeding, (2) the issue was actually litigated in the proceeding, (3) the issue was necessarily decided in the prior proceeding, (4) the decision in the prior proceeding was final and on the merits, and (5) the estopped party was in privity with the party in the prior proceeding." People v. Garcia, 39 Cal.4th 1070, 1077 (2006).

"As a general rule, each of [the collateral estoppel] requirements will be met when courts are asked to give preclusive effect to preliminary hearing probable cause findings in subsequent civil actions for false arrest and malicious prosecution." Wige v. City of Los Angeles, 713 F.3d 1183, 1185 (9th Cir. 2013); see also McCutchen v. City of Montclair, 73 Cal.App.4th 1138, 1147 (1999) ("a prior judicial determination at a preliminary hearing that there was sufficient evidence to hold the plaintiff over for trial may, in some situations, preclude the plaintiff from relitigating the issue of probable cause to arrest in a subsequent civil suit"); Haupt v. Dillard, 17 F.3d 285, 288 (9th Cir. 1994); Forest v. City of Ft. Bragg, 520 Fed.Appx. 616 (9th Cir. 2013). There are two exceptions to the general rule. First, collateral estoppel will not apply "[i]f the evidence known to the arresting officer is materially different from the evidence presented at the preliminary hearing." Wige, 713 F.3d at 1185. Second, it will not apply "where the plaintiff alleges that the arresting officer lied or fabricated evidence presented at the

preliminary hearing. Id. at 1186 (quoting McCutchen, 73 Cal.App.4th at 1147). Nothing before the Court suggests there is reason to deviate from the general rule.

Plaintiff's preliminary hearing was held on February 2, 2015, before Judge Stephanie Sontag. (Doc. No. 6-3 at 2.) Plaintiff appeared at the hearing and was represented by counsel. (Id.) Judge Sontag heard testimony from Defendant Gibson, testifying as the investigating officer, and Plaintiff. (Id. at 3.) Plaintiff had the opportunity to cross-examine Defendant Gibson at that time. (Id. at 15-28.) The judge also reviewed video evidence from the incident between Plaintiff and the Motorist, including video recorded by Plaintiff on his helmet camera and surveillance video from the 7-Eleven. (Id. at 4.) At the conclusion of evidence, counsel for both sides had the opportunity to argue their case to the judge. (Id. at 59-63.) These proceedings offered Plaintiff a "full and fair opportunity" to litigate the issue of probable cause and he took full advantage of it. See Awabdy v. City of Adelanto, 368 F.3d 1062, 1068 (9th Cir. 2004).

Plaintiff argues that he did not have a full and fair opportunity to litigate the issue of probable cause because the state did not call the Motorist to testify at the preliminary hearing. (Doc. No. 9 at 6-7.) But Plaintiff cites to no legal support for this proposition and the Court can find none. Plaintiff had the opportunity to call witnesses at the preliminary hearing but offers no explanation for why he did not call the Motorist. See Cal. Pen. Code § 866(a). And a failure to take advantage of the opportunity to litigate an issue will not preclude collateral estoppel. See Forest, 2011 WL 13143893, *6 ("Plaintiff, however, chose not to present Mr. Soria's testimony . . . . Plaintiff having made that choice cannot now claim that he did not have the opportunity").

Furthermore, Plaintiff's reliance on Schmidlin v. City of Palo Alto, 157 Cal.App.4th 728 (2007), is unavailing. In Schmidlin, a California Court of Appeal disagreed with the Ninth Circuit's ruling in Haupt, as well as the previous California Court of Appeal ruling in McCutchen, and held that "a preliminary hearing [n]either raises the issue of, or provides an adequate opportunity to litigate, the legality of an

arrest." Id. at 767. Certainly, Schmidlin supports Plaintiff's argument. However, because the California Courts of Appeal are divided on the issue and the California Supreme Court has yet to weigh in, the Court will follow Ninth Circuit precedent on point. And the Ninth Circuit has clearly rejected Schmidlin, in favor of McCutchen. Wige, 713 F.3d at 1185 ("As a general rule, each of [the collateral estoppel] requirements will be met when courts are asked to give preclusive effect to preliminary hearing probable cause findings in subsequent civil actions for false arrest and malicious prosecution."); Beckway, 717 F.Supp.2d at 919 ("This Court will therefore follow Haupt and McCutchen, and not Schmidlin, on this issue.").

## **CONCLUSION**

For the foregoing reasons, the Court concludes that Plaintiff is collaterally estopped from arguing there was no probable cause to arrest him. As such, his only claim for false arrest necessarily fails. Norse v. City of Santa Cruz, 629 F.3d 966, 978 (9th Cir. 2010) ("The existence of probable cause is dispositive as to false arrest and excessive force claims."); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) ("To prevail on his § 1983 claim for false arrest and imprisonment, Cabrera would have to demonstrate that there was no probable cause to arrest him."). Accordingly, the Court grants Defendant's motion to dismiss.

**IT IS SO ORDERED.**

DATED: August 10, 2017

_____
Hon. Marilyn L. Huff
United States District Judge